

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-75,580 & 75,581

### EX PARTE BILLY FREDERICK ALLEN, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## FROM CAUSE NUMBERS F-83-86548-KN AND F-83-85579-HN
## IN THE 195TH JUDICIAL DISTRICT COURT OF DALLAS COUNTY

COCHRAN, J., filed a concurring opinion.

### OPINION

I join the majority opinion which grants relief on applicant's ineffective assistance of counsel claim. I write separately only to emphasize that, in granting applicant a new trial, we are merely accepting the findings of fact entered on several different occasions by the experienced trial judge. Those factual findings and credibility assessments are supported by the record. It is largely irrelevant that the record contains other, conflicting facts or that other credibility assessments could be made by a different factfinder.

Ever since his conviction in 1984, applicant has consistently maintained his innocence and has filed numerous applications for a writ of habeas corpus to obtain relief. The trial

judge, the Honorable John Nelms, has repeatedly recommended that this Court grant habeas relief "in the interests of justice." We have repeatedly rejected Judge Nelm's recommendation in applicant's previous applications for relief. In his findings on this subsequent application, filed in January of 2005, Judge Nelms stated:

> This Court in response to previous applications for writ of habeas corpus filed by Applicant recommended that Applicant receive a new trial. The Court of Criminal Appeals has chosen not to agree with this Court and has denied Applicant's previous applications.

One senses Judge Nelms's palpable frustration. This Court almost always adopts a trial judge's factual findings and follows his recommendations when that recommendation is to deny relief, but deference is significantly less likely when his recommendation is to grant relief. If we are genuinely concerned about the integrity of criminal convictions in this state, we must adopt one single rule for the review of a trial court's factual findings and apply that rule across the board. Because the trial judge's factual findings and credibility assessments—the murder victim told the responding EMS paramedic that Billy *Wayne* Allen shot him—are supported by the record, I agree with his ultimate recommendation that applicant is entitled to habeas relief on his ineffective assistance of counsel claim.[1]

Filed: February 4, 2009
Do Not Publish

---

[1] This ineffective assistance of counsel claim, brought in a subsequent writ application, would be procedurally barred but for applicant's "gateway" credible claim of actual innocence under TEX. CODE CRIM. PROC. art. 11.07, § 4(a). Evidence that the murder victim, with his dying breath, told a disinterested witness that someone other than the applicant had shot him surely qualifies as a credible claim of actual innocence in a murder case.